# DOUBLE-POINTED TACK COMPANY *v.* TWO RIVERS MANUFACTURING COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF WISCONSIN.

Argued October 25th, 1883.—Decided November 5th, 1883.

*Patent.*

The first claim of letters-patent No. 147,343, granted February 10th, 1874, to the Double-Pointed Tack Company, as assignee of Purchés Miles, the in-

ventor; for an "improvement in bail-ears," namely, "1. The compound staple-fastening *d*, for bails, made with the diagonally cut penetrating points 2 and 3, loop 4, and body 5, said diagonally cut points being positioned as set forth, so as to bend upwardly in driving into the wood, as set forth," does not, in view of what existed before in the art, set forth any patentable invention.

It was commonly known that the effect of a diagonal cut on a penetrating point was to force the point, in being driven, in a direction away from the cut. Double-pointed staples, with a diagonal cut on each point, but the diagonal cut on one point on the upper and outer side, and on the other point on the lower and outer side, as the staple was driven, were old, the effect in driving being to bring the points together ; and there was nothing more than mechanical skill in putting the diagonal cuts on the same side of each leg, so as to incline both points, in driving, in the same direction.

The second claim of the patent, namely: "2. The convex metallic washer *e*, in combination with the compound bail-fastening staple *d*, having upwardly penetrating points 2, 3, and loop 4, as and for the purposes specified," does not set forth a patentable combination, but only an aggregation of parts. Neither the staple nor the washer affects or modifies the action of the other.

This was a suit in equity brought in the Circuit Court of the United States for the Eastern District of Wisconsin, for the infringement of letters-patent No. 147,343, granted February 10th, 1874, to the plaintiff, the Double-Pointed Tack Company, as assignee of Purches Miles, the inventor, for an "improvement in bail-ears." The circuit court dismissed the bill, and the plaintiff appealed to this court.

The specification of the patent says :

"Wire-staples have been employed to form the fastening eyes for bails, and these have been driven into the wood with the penetrating points nearly at right angles to the surface, and in use they are liable to pull out by the weight. My invention consists in a bail-fastening staple made of wire, with the penetrating ends cut at such an angle that, in driving them into the wood, they will assume an upward inclination, so that the weight will tend to force such points inwardly rather than to draw them out, and the bending of the ends in clinching will always be upwardly, thus making a better and more reliable article than heretofore ; and I combine with such fastening a convex metallic washer to keep the bail from contact with the wood or the paint thereon. In the drawing, Figure 1 is a section of the fastening complete ;

Figure 2 shows the compound staple fastening separately; and Figure 3 is an elevation of the washer. The wood work, *a*, represents part of a pail or tub, and the bail, *b*, is of wire, having eyes, *c*, at the ends, which are bent so as to stand parallel, or nearly so, to each other. The compound staple-fastening, *d*, is made with the penetrating points 2, 3, loop 4 for the eye *c*, and the body 5. The ends 2, 3, of the wire are cut diagonally, so that, in driving them into the wood, the tendency is to bend upwardly and clinch, and they will usually be long enough to pass through the wood and be clinched. The body of the fastening stands vertically or nearly so, and will usually be partially imbedded in the wood. The sheet-metal washer *e* prevents the eye *c* coming against the wood. The points of the staple penetrate the wood upwardly so as effectually to prevent the staple pulling out under the ordinary strain to which it is subjected."

The claims of the patent were these:

" 1. The compound staple-fastening *d* for bails, made with the diagonally cut penetrating points 2 and 3, loop 4, and body 5, said diagonally cut points being positioned as set forth, so as to bend upwardly in driving into the wood, as set forth. 2. The convex metallic washer *e*, in combination with the compound bail-fastening staple *d*, having upwardly penetrating points 2, 3, and loop 4, as and for the purposes specified."

The case was argued by *Mr. Arthur v. Briesen*, for the appellant; *Mr. Wm. P. Lynde*, for the appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

The gist of the invention set forth in the descriptive part of

the specification, so far as the first claim is concerned, is to cut the two penetrating ends of the wire diagonally, and in such a way that, while the staple is being driven, the cut faces will both of them be on the lower side, and the two penetrating ends will both of them incline upwardly. It is shown to have been commonly known that the effect of a bevel or a diagonal cut on a penetrating point was to force the point, in being driven, in a direction away from the bevel or cut. Double-pointed staples, with a diagonal cut on each point, but the diagonal cut on one point on the upper and outer side and on the other point on the lower and outer side, as the staple was driven, were old. They were used to secure wire screens as guards for windows. The effect in driving them was to bring the two points together, by throwing them towards each other, through their movements in opposite directions. The mechanical action embodied was the forcing each point, in being driven, in a direction away from its bevel or cut. The result was that the legs of the staple were bent and came together, and were thus clinched in the driving, and it was more difficult to pull out the staple than if the legs had gone in without bending. In view of this state of the art, there was no patentable invention, and nothing more than mechanical skill, in putting the diagonal cuts or bevels on the same side of each leg of the staple, so as to give both points, in driving, an inclination in the same direction, that direction being one away from both bevels, and in using the device to fasten a bail. This was the view taken by the circuit court. There is no suggestion in the specification or claims as to any invention or novelty in the form of the loop, or of the body, or in the relative lengths of the two penetrating points, or as to the angles formed by such points with the loop or the body, before driving. The so cutting the penetrating ends that they will both of them incline upwardly in driving is the only feature of invention set forth, and to this the patent must be limited, so far as the first claim is concerned.

The second claim is for the washer in combination with the staple of the first claim. This is not a patentable combination. There is only an aggregation of parts when the staple is used

with the washer. The use of the washer is stated in the speci-
fication to be to keep the eye at the end of the bail from con-
tact with the wood or the paint thereon. The upper point or
leg of the staple goes through the eye and through the centre
of the washer. But, the presence of the washer does not mod-
ify or affect the action of the staple, nor does the staple modify
or affect the action of the washer. The washer keeps the eye
of the bail from rubbing the wood of the pail. It would have
the same effect if it were fastened in some other way than by
having the leg of the staple pass through it, and the staple
would in such case have the same operation which it now has.

*The decree of the circuit court is affirmed.*