COLLINS COMPANY v. COES and others.

*(Circuit Court, D. Massachusetts. July 30, 1884.)*

PATENT—COES WRENCH — COLLINS COMPANY v. COES, 5 BAN. & A. 548, OVER-
RULED.
    The application to the bar of the Coes wrench, for the purpose of securing and supporting the step and resisting the strain, of a nut already in use for the same purpose on the Hewitt or Dixie wrench, lacks the novelty of invention requisite to support a patent, within the decisions of the supreme court at the last term, which, in effect, overruled the decision of this court in the suit of the *Collins Company* v. *Coes*, 5 Ban. & A. 548.

In Equity.

*Thomas H. Dodge,* (of Worcester, Mass.,) for defendants.

*W. E. Simonds,* (of Hartford, Conn.,) for complainant.

Before GRAY and NELSON, JJ.

GRAY, Justice. This is a bill in equity for the infringement of the first claim in the specification of the second reissue to the complainant, dated February 25, 1873, of letters patent originally issued to Lucius Jordan and Leander E. Smith, on October 10, 1865, for an improvement in wrenches.

The wrench, as described, both in the original patent and in the reissue, has the following parts: The wrench-bar, A, the upper part of which is of the usual shape, and has attached to it the movable jaw, B, and the lower part of which is of convenient form to receive upon it the wooden handle; a screw-rod, C, parallel to the main bar; a rosette, D, at the lower end of the screw-rod, by means of which the movable jaw is worked; a ferrule or step, E, having a hole through it for the admission of the bar, and a recess in its upper face as a bearing for the lower end of the screw-rod; a nut, F, screwed on a thread in the bar, under the step, and having a recess in its under face to receive the top of the wooden handle, G; and the wooden handle secured at its lower end to the main bar by a nut in the usual way.

Both the original patent and the reissue state that the object of the invention is to make the strain come upon the nut F, instead of coming upon the wooden handle. The original patent states that the nut F is, and the reissue states that it may be, screwed up firmly

against the step E. The reissue affirms and repeats that the distinguishing characteristic of the invention is that the step can be readily removed and replaced at pleasure. There is no hint of such a distinction in the original patent.

The first claim in the original patent is for "the step E, made substantially as described, and for the purpose set forth." The corresponding claim in the reissue is for "the step, combined with the wrench-bar, and supported by the nut F, or its equivalent, at the place where the step is connected with the bar, in such manner that the step can be removed from the bar without cutting or abrasion of parts."

The parallel screw-rod, with a rosette thereon to work the movable jaw, and resting upon a ferrule or step, had been introduced in the original Coes wrench, patented in 1841; and, long before the issue of the patent to Jordan and Smith in 1865, large numbers of the Hewitt or Dixie wrench had been made and sold, in which there was no separate screw-rod, and the screw that worked the movable jaw revolved on the main bar, but that screw rested on a ferrule or step, which was secured sometimes by driving it on under heavy pressure, and sometimes by a nut screwed under it on the bar.

The application to the bar of the Coes wrench, for the purpose of securing and supporting the step and resisting the strain, of a nut already in use for the same purpose on the Hewitt or Dixie wrench, lacks the novelty of invention requisite to support a patent, within the decisions of the supreme court at the last term, which have, in effect, overruled the earlier decision of this court in the suit of this complainant against Loring Coes and others, reported in 5 Ban. & A. 548. *Pennsylvania R. R.* v. *Locomotive Engine Safety Truck Co.* 110 U. S. 490; S. C. 4 Sup. Ct. Rep. 220; *Bussey* v. *Excelsior Manuf'g Co.* 110 U. 131; S. C. 4 Sup. Ct. Rep. 38; *Double-pointed Tack Co.* v. *Two Rivers Manuf'g Co.* 109 U. S. 117; S. C. 3 Sup. Ct. Rep. 105; *Phillips* v. *Detroit,* 111 U. S. 604; S. C. 4 Sup. Ct. Rep. 580.

The complainant's patent being void for want of novelty, it becomes unnecessary to consider the other defenses.

Bill dismissed, with costs.