## SCOTT MANUF'G CO. *v.* SAYRE.[1]

*(Circuit Court, D. New Jersey. August 31, 1885.)*

1. PATENTS FOR INVENTIONS—PATENTABLE COMBINATION.
     A patentable combination is not necessarily affected by the fact that all the elements forming it are old, if by their co-action a new and useful result follow; but there must be a co-action among them, to take the case out of the category of a mere assemblage or aggregation of parts.

2. SAME—INVENTION—MECHANICAL SKILL.
     Merely assembling old parts together, or placing them in juxtaposition, does not indicate invention. Some new or peculiar function, produced by such a combination, must be developed; and unless this follows, the new arrangement is the mere exhibition of mechanical skill.

3. SAME—AGGREGATION NOT INVENTION.
     An assemblage of old parts, each of which performs the same function that it has performed in other old combinations, does not form the subject of a valid claim.

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

4. SAME—PARTICULAR PATENT.

    The first and third claims of letters patent No. 192,057, of June 19, 1877, to Charles P. Dewey and Robert P. Scott, for improvement in ice-creepers, do not cover patentable combinations.

    In Equity.

    *G. H. Howard*, for complainant.

    *A. Q. Keasbey & Sons*, for defendant.

    NIXON, J. This suit is brought on letters patent No. 192,057, dated June 19, 1877, and issued to Charles P. Dewey and Robert P. Scott, for "improvement in ice-creepers." The complainant alleges the infringement of the first and third claims of the patent, both of which are combination claims. The elements of the combination of the first are a calk-plate, a rod or spindle, and adjustable jaws. The third claim has the same elements, to which is to be added a locking device, consisting of a spiral spring on the rod or bolt, to hold the calk-plate in position. I have no doubt that the mechanism of the ice-creeper of the defendant infringes the patent of the complainant. There are some minor differences, but the constituents and the mode of operation of the two are substantially the same. Both are fastened to the heel of the shoe by a screw-clamp. Both have the reversible calks, which, when adjusted for use, extend to a greater or less extent over the area of the under side of the heel, and, when in their inoperative position, are turned or folded under the instep of the shoe. In each, the calks move upon a rod, extending across the shoe; the rod being provided with a thread and thumb, and having clamps, one fixed and the other free upon the rod, the wheels being rendered efficient by a locking device, which is a spring surrounding the rod.

    The real question in the case, and the one principally noticed at the final hearing, is whether the combinations of the patent are, in fact, patentable. There seems to be a growing sentiment among inventors that the supreme court, in its more recent decisions, has become, I will not say more exacting, but less liberal, in its construction of patents for a combination. Such cases as *Pennsylvania R. Co.* v. *Locomotive Co.*, 110 U. S. 491; S. C. 4 Sup. Ct. Rep. 220; *Phillips* v. *Detroit*, 111 U. S. 604; S. C. 4 Sup. Ct. Rep. 580; *Tack Co.* v. *Two Rivers Manuf'g Co.*, 109 U. S. 117; S. C. 3 Sup. Ct. Rep. 105; *Hollister* v. *Benedict & B. Co.*, 113 U. S. 59; S. C. 5 Sup. Ct. Rep. 717; and *Thompson* v. *Boisselier*, 114 U. S. 1; S. C. 5 Sup. Ct. Rep. 1042,—are quoted in support of this view. Whether true or not, it is my duty to examine the present claims in the light of these decisions, and to give them such interpretation and effect as the deliberate judgment of that court declares they are entitled to.

    Speaking generally, a person, to obtain a valid patent, must have invented or discovered some new and useful art, machine, manufacture, or composition of matter, or some new and useful improvement thereof. Section 4886, Rev. St. It is not easy to obtain a satis-

factory definition of a patent for a combination. It is not necessarily affected by the fact that all the elements forming it are old. They may be old, and yet may be so arranged in combination that by their co-action a new and useful result may follow. But there must be a co-action among them, to take the case out of the category of a mere assemblage or aggregation of parts. In *Reckendorfer* v. *Faber*, 92 U. S. 347, the supreme court said:

"The combination, to be patentable, must produce a different force, effect, or result in the combined forces or processes, from that given by their separate parts. There must be a new result by their union; if not so, it is only an aggregation of separate elements."

In the later case of *Pickering* v. *McCullough*, 104 U. S. 310, they took a step in advance, and held "that, in a patentable combination of old elements, all the constituents must so enter into it as that each qualifies the other. * * * It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operative action of all the elements, and which is not the mere adding together of separate contributions; otherwise, it is only a mechanical juxtaposition, and not a vital union.

Merwin, in his valuable work on the Patentability of Inventions, in commenting on this last case, (page 401,) remarks that "it may be gathered from this that, in a patentable combination, there must be a new interaction of some sort between the several elements. * * * It is not sufficient that one element is ineffective without the others,—that its function is useless, except in combination with other functions; but the function of one must be modified in some way by the the function of another, so that the function of one element is not the same in the combination that it was in the place whence it was taken; a peculiar function must be developed in the combination. This need not be true of every element in the combination; but it must be true of some one element, or of several elements, and the virtue of the combination must inhere in this peculiarity of function developed by it."

I fear that the complainant's patent cannot stand this test. It is clear that all the elements are old. The records of the patent-office furnish a large number of patents for ice-creepers of every style and variety. The state of the art shows that the patentee, by searching among these, could have selected all the constituents of his combination. Without stopping to designate the particular patent from which the separate part or element is taken, I think he could have found everything embodied in his alleged invention, or its mechanical equivalent, in the patent of Morrison in 1858, of Krauser in 1863, of White in 1867, of Greene in 1865, of Richardson and Morse in 1866, of Farley in 1868, of Turner in 1871, of Earle in 1873, of Cone and Furniss in 1876, and in the defendant's Exhibit No. 19, which reveals the mechanism of ice-creepers sold in Cincinnati in the open market as early as 1869.

As before stated, a patent for a combination is not invalid because all the parts are old. But merely assembling them together, or placing them in juxtaposition, does not indicate invention. Some new or peculiar function, produced by such a combination, must be developed. Unless this follows, the new arrangement is the mere exhibition of mechanical skill.

It appears to me that the difficulty about the complainant's patent as a combination is that none of the parts shown in the construction perform any different function than they had performed in other patents or combinations.

For this reason, I am constrained to hold that upon the evidence and the law the case is with the defendants.

The bill must be dismissed.