## FRENCH *v.* CARTER.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 68. Argued November 12, 1890. — Decided November 24, 1890.

Letters patent No. 244,224, granted to Hamline Q. French, July 12, 1881, for an improvement in "roofs for vaults" are invalid, in view of the state of the art, for want of patentable invention, it requiring only mechanical skill to pass to the patented device from what existed before, the question being one of degree only, as to the size of the component stones.

A prior foreign publication is competent as evidence in regard to the state of the art, and as a foundation for the inquiry whether it required invention to pass from a structure set forth in the publication to the patented structure.

IN EQUITY. The case is stated in the opinion.

*Mr. George H. Fletcher*, (with whom was *Mr. L. B. Bunnell* on the brief,) for appellant.

*Mr. James W. Perry*, (with whom was *Mr. Philip J. O'Reilly* on the brief,) for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity, brought in the Circuit Court of the United States for the Southern District of New York, by Hamline Q. French against Oliver S. Carter, George Mark, and Milton H. St. John, to recover for the infringement of letters patent No. 244,224, granted to the plaintiff July 12, 1881, for an improvement in "roofs for vaults." Issue was joined, proofs were taken, and the case was heard by Judge Shipman, resulting in a decree dismissing the bill, from which the plaintiff has appealed. The opinion of Judge Shipman is reported in 25 Fed. Rep. 41.

The specification, claims, and drawings of the patent are as follows: "My improvements relate to the construction of roofs for vaults, mausoleums, and structures of similar character, built of stone and intended for burial purposes; and the object of my invention is to obtain a building without vertical joints, and one held together and locked at the roof, so that by the locking and the weight of the roof the structure shall be made as enduring as the material of which it is built. My improved roof consists of the front and rear gable-stones, the roof-stones, which are continuous from one gable-stone to the other at each side, and held to the gable-stones by mortise and tenon or equivalent connections, and the cap-stone, which is formed with a rabbet to lap upon the roof-stones and rests upon the gables, by which construction the stones forming the complete roof are securely locked, and without possibility of dislocation without being raised bodily upward.

"My invention is shown in the accompanying drawings, forming part of this specification, wherein Fig. 1 is a front elevation, partially in section, of a vault constructed in accordance with my invention. Fig. 2 is a plan view of the same,

Opinion of the Court.

Fig.1.

Fig.2.

with the cap-stone partially removed.  Similar letters of refer-
ence indicate corresponding parts.  The side walls, *a a*, of the
vault are laid up in the usual manner.  A A are the gable-
stones, B B the roof-stones, and C the cap-stone.  The gables
A are each a single stone of any required shape and size, and

of a length sufficient to connect the roof-stones. They are formed, upon each of their upper surfaces, with tenons *b*. The roof-stones B are also each of a single piece in length, or continuous from one gable-stone to the other. These are formed with mortises for receiving the tenons. The cap-stone C is a single piece, and of a length to rest upon the gable-stones A at its ends. It is formed to lap at each side upon the stones B, on the whole or any portion of its length. The stone C is to be lowered to place after the stones B are set, and, as will be seen, completes the roof and locks the parts together. This stone C is in practice of great weight, which weight tends entirely to hold the structure together, and, there being no vertical joints to spread open, there can be no disruption or displacement by ordinary means. The space at the sides, between the stones A, is filled out by stones *c* set upon the side walls. The roof at each side of the cap-stone is to be formed of one or more roof-stones B, each being continuous from one gable-stone to the other, and locked, as described. The roof may also be made flat, curved, or inclined. In place of using the mortises and tenons shown, dowel-pins or other equivalent devices can be used for locking the roof-stones. I do not limit myself in that respect. Having thus described my invention, I claim as new and desire to secure by letters patent —

"1. A roof for vaults and similar structures, consisting of the continuous roof-stones B B, gable-stones, A, connecting and locked to the roof-stones, and the cap-stone, C, lapping upon the roof-stones, substantially as shown and described.

"2. In roofs for vaults and similar structures, the combination of continuous roof-stones B B and gable-stones A A, connected and locked by mortises and tenons, or equivalent devices, substantially as shown and described."

There was put in evidence in the case volume 13, with plates 39 to 44, both inclusive, of a public work, published in France, in 1855, called "Revue Générale de l'Architecture et de Travaux Publics," containing a description and illustration of a monument erected in 1847, as a place of burial for the family of Alc. Billaud. This very imperfect translation of the text is

found in the record: "Above this ordonnance extends an entablature, on which is supported the two sloping sides of the roof, which finish the edifice. . . . . The entablature is composed of three stones, hollowed out so as to form a species of vault, which masks the size (édicule); and these stones joined together by rebates, are bound, and, as it were, tied (hooped) together by the two thick slabs of stone which cover their sloping sides, by means of the hollow made on the lower sides of the former (the slabs), in order to clamp the projections retained on the stones of the vault. These stones are, in their turn, tied together by the ridge which surmounts the building."

Two drawings on one of the plates are as follows, one being a cross-section and the other a longitudinal section:

The opinion of the Circuit Court proceeds upon the ground that, in view of the description of the Billaud tomb, there was no invention in the patented device, and that in order to produce that device the customary skill of the worker in stone neither needed nor received any aid from the inventive faculty. The opinion says: " The difficulty in vault stone roofs which was to be remedied was the exposed or open seams between the stones, into which water can enter and become frozen, and thus, by the action of frost, the stones are separated. Freedom from vertical joints and the locking of roof-stones and cap-stores to the gable-stones are the features of the improvement. . . . By the invention described in the second claim, the difficulty is remedied by connecting, in the ordinary way, to gable-stones, made of one piece, roof-stones which are long enough to extend from one gable-stone to the other, and protecting the seams by rebates, if more than one roof-stone upon one side of a roof is used, and then filling the space or ridge near the top of the roof in such manner as ingenuity or taste may dictate. By the invention described in the first claim, the space between the roof-stones is filled by a single massive cap-stone, the edges of which lapped over the roof-stones, and which rested upon the gables."

In reference to the description and drawings of the Billaud tomb, the opinion says : " The plates which are attached to the description show that the Billaud roof consists of two sloping roof-stones, each being a single piece, fastened by projections and cavities to gable-stones, each being in one piece, and a single ridge-stone, covering the joint where the upper edges of the roof-stones meet, and not resting on the gable-stones. The difference between the Billaud roof and the roof of the patent is, that the roof-stones of the former are so wide that only a ridge-stone is needed to cover the joint, while the roof-stones of the latter are narrower, and a wider ridge-stone or cap-stone is needed, which must, of course, be interposed between the roof-stones, and must rest upon the gable. The ridge-stone of the Billaud tomb is a small cap-stone, which bound the roof-stones together, and which covered the joint made by their edges. The cap-stone of the patent is a larger

and wider ridge-stone than that of Billaud, and, by its great weight, is more efficient in holding the structure together."

We concur with the Circuit Court in its views. Where the roof-stones are wider, as in the Billaud roof, there need be only a narrow ridge-stone, while where the roof-stones are narrower, as in the patented device, a wider ridge-stone or cap-stone is necessary. In the latter case the cap-stone must rest upon the gable-stones. In the former case it need not do so. But, in each case, the vertical seam into which water could enter, is covered, and the structure is held together and locked at the roof, so as to be made enduring by the locking and the weight of the roof. The question is one of degree only, as to the size of the ridge-stone or cap-stone and the corresponding width of the roof-stones. The difference between mechanical skill and the exercise of the inventive faculty has been pointed out in many decisions of this court. *Burt* v. *Evory,* 133 U. S. 349, and cases there cited.

The foreign publication is competent as evidence in regard to the state of the art, and as a foundation for the inquiry whether it required invention to pass from the Billaud structure to the patented structure.

*Decree affirmed.*