BONNELL et al. v. STOLL et al.

(Circuit Court, D. New Jersey. July 8, 1893.)

PATENTS FOR INVENTIONS—ANTICIPATION—BED SPRINGS.

Claim 2 of letters patent No. 405,821, issued June 25, 1889, to Bonnell & Lambing, covers "a spring bed bottom formed in sections, and having the top whirls of springs at the adjacent ends of the sections united by a spiral wire wound loosely around them, so as to allow the sections to fold, and yet afford a yielding connection." *Held*, that the claim was anticipated by the prior constructions known as "Lace-Web Spring" and the "Maier Bed."

In Equity. Suit by Elliot M. Bonnell and John S. Lambing against Robert P. Stoll and others for infringement of a patent. Bill dismissed.

James A. Whitney, for complainants.

F. C. Lowthrop, for defendants.

ACHESON, Circuit Judge. The plaintiffs sue for the infringement of letters patent No. 405,821, for improvements in bed springs, granted them on June 25, 1889. The patent shows a bed bottom composed of spiral or helical springs arranged in parallel rows, and connected by spiral wires running lengthwise of the bed bottom, which is formed by two sections, so as to fold the one upon the other. There are two claims, but, upon the argument, infringement of the second claim, only, was insisted on. That claim is as follows:

"(2) A spring bed bottom formed in sections, and having the top whirls of springs at the adjacent ends of the sections united by a spiral wire wound loosely around them, so as to allow the sections to fold, and yet afford a yielding connection, substantially as specified."

The functions of this connecting spiral wire, as declared by the specification, are threefold, namely, "loosely and yieldingly connecting the springs," furnishing "a spiral filling for the interspaces" between the four adjacent springs, and "serving as a hinge" for folding the sections. The specification states, and the prior patents show, that it was not new to connect the tops and bottoms of bed springs with spiral wires, and that springs had been furnished

with hinged connections. It is not, however, deemed necessary to refer particularly to the earlier patents. It is enough to consider two prior constructions designated in the proofs as "Defendants' Exhibits Lace-Web Spring and Maier Bed." The former is a spring bed bottom constructed of helical springs joined together by coiled wires, made in two sections, united by five spiral wires forming a longitudinal strip of wire netting, which acts as a hinge to allow the two sections to fold together. The "Maier Bed" is composed of two spiral spring bed-bottom sections, with a spiral wire hinge connection, consisting of three spiral wires; the two outer ones intermeshing with the spiral hinge wire, and being wrapped, respectively, in a loose manner, about the top portion of the whirls of the adjacent rows of springs of the two sections. These two constructions possess, respectively, all the distinguishing characteristics of the plaintiffs' patented improvement. In each the two bed sections are united by a yielding spiral wire connection between the top whirls of the adjacent rows of springs, permitting the two sections to fold the one upon the other, and affording a spiral filling for the interspaces between each adjacent set of four springs along the connecting line. Neither in function nor in operation is there any substantial difference between the spiral wire connections of the two sections of these old constructions and that of the patented bed spring. The employment of a single spiral wire to form the connection, instead of several, conduces to simplicity and cheapness of manufacture, but it introduces no new principle, and does not involve invention, in a patentable sense. At the most, it was the mere carrying forward of the original idea or method, resulting in an improvement in degree, only. Smith v. Nichols, 21 Wall. 112, 119. The court there said:

"But a mere carrying forward, or new or more extended application of the original thought; a change only in form, proportions, or degree; the substitution of equivalents, doing substantially the same thing in the same way by substantially the same means with better results,—is not such invention as will sustain a patent."

This principle has been enforced in many more recent cases. Estey v. Burdett, 109 U. S. 633, 3 Sup. Ct. Rep. 531; Burt v. Evory, 133 U. S. 349, 10 Sup. Ct. Rep. 394; French v. Carter, 137 U. S. 239, 11 Sup. Ct. Rep. 90; Grant v. Walter, 148 U. S. 547, 553, 13 Sup. Ct. Rep. 699. These and other like decisions of the supreme court lead to a conclusion adverse to these plaintiffs.

Let a decree be drawn, dismissing the bill, with costs.