E. L. WATROUS MFG. CO. v. AMERICAN HARDWARE MFG. CO.

(Circuit Court, N. D. Illinois, E. D. April 22, 1908.)

No. 28,071.

1. PATENTS—ANTICIPATION—LIMITATION BY PRIOR ART.

That the device of a patent never came into commercial use does not prevent such patent from being an anticipation of a later one, if it sufficiently embodies the elements and discloses the principle of operation of the latter or from narrowing its scope; nor is it material that the earlier patentee did not claim the particular device of the later patent as a part of his invention.

2. SAME.

That the device of a later patent is a mechanical improvement on that of an earlier one and produces a better result does not prevent the earlier from being an anticipation, where the principle and mode of operation are the same.

3. SAME—INFRINGEMENT—DOOR CHECK AND CLOSER.

The Bailey patent, No. 652,828, for a door check and closer, given the very narrow construction required by the prior art, *held* not infringed.

In Equity. On final hearing.

Orwig & Lane (Wallace R. Lane, of counsel), for complainant.

Pierce & Fisher (James H. Pierce, George P. Fisher, Jr., and Harry L. Clapp, of counsel), for defendant.

KOHLSAAT, Circuit Judge. Complainant brings its bill to restrain infringement of patent No. 652,828, granted to Herbert L. Bailey July 3, 1900, for a door check and closer. The one claim reads as follows, viz.:

"In a door check and closer, the combination with a bracket, secured to the door near the upper edge thereof, and a pin or projection, depending from the top of the door-frame, of a bifurcated jaw, pivoted to the bracket and adapted and arranged to engage said pin, a spring secured at its ends, respectively, to said jaw and a bracket, so as to swing across the dead-center when the jaw is swung upon its pivot, and a stop for said jaw, substantially as described."

Defendant manufactures its device under the Wells patent, granted September 27, 1904, for a door check. The term "closer," of the patent in suit, refers to a means for drawing the door to, and holding it at a tightly closed position after it has been checked. The word is more often applied in the art to a means for springing the door from an open position to the check. The checking is merely the effect naturally attending the contacting of the pin depending from the top of the door-frame with one of the jaws of the so-called "bifurcated jaws" arranged upon the door itself, so as to engage it. "I take it, however," says complainant's expert, "that the door-closing function is the important function, and I would doubt whether the checking function would be found sufficient in practice to be at all noticeable."

The claim fairly describes the device. In the alleged infringing door check, the bifurcated jaws are replaced by a slotted disc centrally pivoted to a supporting casing mounted on the door-frame in such a manner as to co-operate with a staple on the door. This reversal of

parts seems to be the chief difference between the two. From the file wrapper and contents it appears that the claim of the patent in suit, as originally presented, was rejected by the examiner. It was then amended to read as it now stands. The amendment simply provided, first, that the door bracket be located "near the upper edge thereof" (meaning the door); second, that the pin or projection be described as "depending from the top of the door-frame," instead of "on the door-frame adjacent thereto," whereby it is apparently held that by changing the location of the device, without changing in any manner its operation, complainant injected novelty into the claim—a proposition which finds little support in the authorities. Robinson on Patents, vol. 1, p. 327, § 241, note 1.

The position of the parts, however, is not urged by complainant as a novel feature of the patent in suit. If valid, the patent is very narrow. Defendant urges the defenses of want of validity and of noninfringement. It is difficult to see how infringement can be denied, without relegating the claim in suit to the extremest verge of invention. The operation of the two are in all essentials identical, except for the reversal of the parts above alluded to.

In support of the defense of invalidity defendant sets up a number of patents in the prior art, only two of which it is deemed necessary to consider. There are, first, the English patent, No. 10,955, granted to Hans Henrik Schou, dated July 28, 1888, for a device to prevent the slamming of doors and permit them to close quietly; second, patent No. 512,202, granted to C. W. Mallory January 2, 1894, for a door check.

The Schou patent may fairly be described as the Bailey patent in suit plus a buffer. While the claims call for a device which shall act as a muffled stop to a slamming door—one drawn to by a spring or weight —they, together with the drawings and specifications, disclose clearly a closer in the sense of the Bailey patent as well, with the parts reversed, however, as with defendant's patent; but they are operated in exactly the same way and perform the same service. They are shown to close in exactly the same manner; i. e., by "a spring secured at its ends, respectively, to the jaw and bracket, so as to swing across the dead center, when the jaw is swung upon its pivot." Some of its claims call for "a combined door stop and closer." This closing device is merely a spring for returning the door from its open position into contact with the jaws. It is in no sense essential to the fast closing device. It operates entirely independently, and under the rules obtaining in our courts the two constitute nothing more than an aggregation. Clearly, if Schou's patent had been taken out subsequently to Bailey's, the latter, in the absence of the prior art, could have made out a case of infringement against it. The buffer may or may not be used. It has no appreciable effect upon the closer. This is demonstrable from the mounted model thereof in evidence. True, Schou does not in exact terms claim the Bailey closer; but he unmistakably describes it. The buffer is adjustable, and may be arranged in or out of position. Whether or not Schou has claimed the closer, he nevertheless has produced the mechanical means whereby the result is secured, and no one can now lay claim to what was disclosed by him and not claimed. Knapp v.

Morss, 150 U. S. 221, 14 Sup. Ct. 81, 37 L. Ed. 1059; E. M. Miller Co. v. Meriden Bronze Co. (C. C) 80 Fed. 523.

Some contention is made that Schou's patent is a paper patent. If the model in evidence is correct, it is a working device. That it never came into actual commercial demand is not of moment for our purposes. Westinghouse Air Brake Co. v. Christensen Engineering Co., 128 Fed. 437, 63 C. C. A. 179. The case would indeed be otherwise, were it a mere alleged prior use. Dashiell v. Grosvenor, 162 U. S. 425, 16 Sup. Ct. 805, 40 L. Ed. 1025; Van Epps v. United Box Board & Paper Co., 143 Fed. 869, 75 C. C. A. 77. Even Schou's device may be improved by the patent in suit as to its more successful operation, yet, as said in Guidet v. Brooklyn, 105 U. S. 550, 26 L. Ed. 1106, it was said:

"Structural changes in form and proportions, although they improve the operation without changing the mode of operation, and produce a much better result, although one of the same kind, are only different and better forms of embodying the same idea, and illustrate the difference between mechanical skill and inventive genius." French v. Carter, 137 U. S. 239, 11 Sup. Ct. 90, 34 L. Ed. 664; Double Pointed Tack Co. v. Two Rivers Mfg. Co., 109 U. S. 117, 3 Sup. Ct. 105, 27 L. Ed. 877; Schweichler v. Levinson, 147 Fed. 704, 78 C. C. A. 92.

The patent is to be construed by those skilled in the art, so that any mere mechanical improvement would be readily conceived and applied. Crown Cork & Seal Co. v. Aluminum Stopper Co., 108 Fed. 845, 48 C. C. A. 72. It does not appear from the evidence that the device of the patent in suit ever made any commercial mark; so that the destruction or injury of a flourishing business is not here involved.

The Mallory patent, No. 512,202, while different in form, operates upon the same principle as the patent in suit. The returning door strikes the tripping finger, M, and forces the crank, E, inwardly past its central position, thus allowing the spring to act upon the opposite side of the central position, causing a presser arm, I, to be thrown inward against the door, thereby shutting it and holding it in a closed position. The difference, if any, is rather one of appearance than reality.

In the light of these patents as herein disclosed, it must be held that defendant's device is practically that of the prior art. To hold that it is in law an infringement of the patent in suit must result in holding the latter to be invalid. As before stated, there are differences between the two which may or may not constitute novelty. Whether they do or not need not here be determined.

It is sufficient to hold that, in view of the prior art, defendant's device does not infringe the patent of complainant; and it is so decreed.