### BASSETT v. ERICKSON CONST. CO.

(Circuit Court of Appeals, Ninth Circuit. May 4, 1914.)

No. 2333.

1. WITNESSES (§ 268*)—CROSS-EXAMINATION.

Where the plaintiff, in an action for infringement of a patent, introduced a model as the model of his invention, it was not error to permit the defendant on his cross-examination to inquire as to all the details of the structure and the use thereof.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 931–948, 959; Dec. Dig. § 268.*]

2. APPEAL AND ERROR (§ 1056*)—REVIEW—HARMLESS ERROR.

The exclusion of evidence offered by a plaintiff on the question of damages was not reversible error, where the jury returned a verdict for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

3. PATENTS (§ 70*)—ACTION FOR INFRINGEMENT—EVIDENCE.

In an action for infringement of a patent, a printed book relating to the subject-matter of the patent, and shown to have been in plaintiff's possession prior to the making of his application, was admissible to show the prior art.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 82, 85; Dec. Dig. § 70.*]

4. APPEAL AND ERROR (§ 175*)—REVIEW—CONSTRUCTION OF PLEADINGS.

In an action for infringement of a patent, where the case was tried on the theory that infringement was denied and no claim otherwise was made in the trial court, the answer will not be construed in the appellate court as admitting infringement.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1137–1140; Dec. Dig. § 175.*]

5. TRIAL (§ 253*)—INSTRUCTIONS—REFUSAL OF REQUESTS.

It was not error to refuse a requested instruction where a part of it would have withdrawn from the jury a question of fact which, under the evidence, was properly for their determination.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

6. PATENTS (§ 276*)—ACTION FOR INFRINGEMENT—INSTRUCTIONS.

Instructions given in an action for infringement of a patent considered and approved.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 240, 432–434; Dec. Dig. § 276.*]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action at law by Henry W. Bassett against the Erickson Construction Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The plaintiff in error brought an action against the defendant in error to recover damages for infringement of letters patent, No. 990,417, issued to the plaintiff on April 25, 1911, for improvements in forms for molded conduits, an invention which relates to forms or molds which may be used to shape the inner surface of conduits made of cement and concrete. The parties will be designated herein plaintiff and defendant, as they were in the court below. The plaintiff alleged in his complaint that he made the invention for his own exclusive use and benefit, and did not manufacture the same for sale, and that the defendant had infringed the same, whereby the plaintiff was injured and deprived of profits he otherwise would have derived, and sustained actual damages in the sum of $30,000. The answer denied that the plaintiff was the original or first inventor of the patent sued upon; denied that the same was not described in any printed publication before his alleged invention, or that the same had not, at the time of the application for the patent, been in public use for more than two years; alleged that the same had been in public use and on sale in this country prior to the alleged invention; alleged the patent was invalid for want of patentable invention; denied that the patent sued upon is of any utility, and denied that the plaintiff had sustained damages by any of defendant's acts. The answer alleged affirmatively that the forms

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

used by defendant at the time of the suit were forms for molded conduits which had been in common use in the city of Seattle and elsewhere long prior to the date of plaintiff's application for his patent; that the plaintiff made his original application, describing in his specification therefor the form of molded conduits in exact manner and substance covering in detail the form of molded conduits now used and at all times heretofore used by the defendant; that the application was denied in toto by the Commissioner of Patents, and thereafter the plaintiff amended his specifications and claims, and finally procured letters patent limited to a certain construction, which construction is not embodied in the form for molded conduits now being used by the defendant. The jury returned a verdict for the defendant.

Joseph L. Reed, of Valdez, Alaska, and Richard J. Cook, of Seattle, Wash., for plaintiff in error.

Corwin S. Shank and Horatio C. Belt, both of Seattle, Wash., for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] The plaintiff assigns error to the admission of certain evidence during his cross-examination. The evidence so admitted related to a model which he had stated was the model of his invention. On direct examination he was asked to explain to the jury by the aid of the model the essential elements of his invention. Later he claimed that the model was merely illustrative of his patent, and for that reason his counsel objected to certain questions which were asked him on cross-examination concerning the details of the construction of the model. It is said that it was error to admit this testimony for the reason that the model was one that had been used experimentally prior to filing the application, and that the cross-examination related to elements used therein which had no relation to the elements of the combination which were claimed in the patent. The plaintiff, having introduced the model in evidence as the model of his invention, cannot be heard to complain that the court permitted the defendant on cross-examination to inquire as to all the details of the structure and the use thereof, and if, indeed, the model did contain details which were not essential to or different from the invention as patented, the plaintiff had the opportunity to explain, as he did, the points wherein the difference consisted. Nor was it error to require the witness on cross-examination to answer such questions as these:

"What particular portion of the description of claim 1 is infringed by the defendant?"

"Don't you know, as a matter of fact, upon your first application, every claim you asked for was rejected by the Commissioner of Patents?"

To some of the items of evidence admitted on cross-examination, to which the plaintiff assigns error, it does not appear that exception was reserved in the court below.

Error is assigned to testimony admitted on cross-examination of the patent attorney, Reynolds, a witness for the plaintiff. He had prepared the application for the patent and the amendments thereto. On his cross-examination he was asked to state what change was made in the specifications from the original form thereof. This is said to

be error because the witness was not examined as to those matters on his direct examination. But it is impossible to see that any prejudice was sustained by the plaintiff by reason of such cross-examination.

There are other assignments of error to the reception of testimony which are equally without merit with those which have been considered, and it is unnecessary to discuss them here.

[2] It is contended that the court erred in striking from the record certain evidence offered by the plaintiff to show the extent of the use of the plaintiff's forms by the defendant, and to prove what would be a reasonable royalty therefor. That ruling of the court was based upon the allegation of the complaint that the plaintiff made and used said patented invention for his own exclusive use and benefit, and did not manufacture the same for sale, and upon the proof that the plaintiff had not been able to establish a royalty or to license the use of his patent. It is contended that the ruling was error for the reason that, notwithstanding the allegations of the complaint and the absence of proof of an established royalty, the plaintiff was entitled to prove damages, measured in part at least by the reasonable value of the use of the invention to the defendant. The question so presented need not be considered here, for the jury returned a verdict for the defendant, and thereby found, either that the patent was void, or that there had been no infringement, for the court had instructed the jury to return a verdict for nominal damages in case they found for the plaintiff.

[3] Error is assigned to the admission in evidence of the book entitled Reid on Concrete and Reinforced Concrete Construction, and to the instruction of the court to the jury concerning the same. It is said that it was error to admit the book in evidence, for the reasons: First, that the steps were not taken to authorize its admission under section 4920 of the Revised Statutes (U. S. Comp. St. 1901, p. 3394); and, second, that it was shown to have come into the possession of the plaintiff only about 18 months prior to the date of his application for patent. The objection which was made to its introduction in evidence specified no reason for its exclusion, and the court, expressly on that ground, overruled the objection. It was not offered under the provisions of sections 4886 and 4920 (U. S. Comp. St. 1901, pp. 3382, 3394) and the amendment thereto of March 3, 1897, c. 391, §§ 1, 2, 29 Stat. 692, for the purpose of showing that the patent had been described in some printed publication for more than two years prior to the plaintiff's application for a patent, and that therefore the plaintiff was not entitled to a patent for his invention, but for the purpose of showing the prior art, and that the plaintiff had the particular volume in question in his possession and examined the same, and acquired therefrom a knowledge of the prior art. For that purpose it was admissible (French v. Carter, 137 U. S. 239, 11 Sup. Ct. 90, 34 L. Ed. 664), and the court properly instructed the jury in effect that, although the defendant had not taken the steps necessary to introduce the book under section 4920, the publication referred to had been admitted under the testimony of the plaintiff to the effect that he had had that publication in his possession prior to making his application for a patent. We find no error in that instruction.

[4] It is assigned as error that the court denied the plaintiff's motion at the close of the testimony to instruct the jury to return a verdict in his favor. In support of this assignment the plaintiff presents a ground for the motion which was not suggested in the court below. It is that the answer admitted the infringement. The admission in the answer is that the defendant had used forms for molded conduits identical with those described in the plaintiff's application for patent, but that the said application was denied in toto by the Commissioner of Patents, and was thereafter so amended that upon the amendments a patent was issued to him to cover a combination and a particular construction different from those used by the defendant. The plaintiff argues that the amendments did not in fact substantially depart from the original application, and that the claims as allowed differed only in minor particulars from those which were embodied in the original application. But it distinctly appears from the pleadings that the defendant denied that it used the combination which is described in the plaintiff's patent. The case went to trial on the issue so raised, and nowhere in the court below was it suggested that there was an admission of infringement. In view of that fact, it is clear that the answer should not in this court be given a meaning which the defendant never intended. But in any view of the alleged admissions of the answer, it was not error to refuse the motion for an instructed verdict, for there were other issues to go to the jury aside from the question of infringement.

[5] Error is assigned to the refusal of the court to instruct the jury that:

"The issuance of letters patent is of itself presumptive and prima facie evidence that the invention patented is new and useful, and that the patentee is the first and true inventor. The defendant has not produced any evidence that overthrows this presumption, and the jury is therefore charged to find for the plaintiff on those issues; that is, that the plaintiff was the true and first inventor, and the combinations described in the first, fifth, and sixth claims were and are new and useful."

While the first portion of the requested instruction might properly have been given, the remainder thereof would have taken from the jury questions that were properly submitted to them, in view of evidence that tended to show that the plaintiff was not the inventor and that the combination was not new and was not patentable.

[6] While the thirty-ninth assignment of error as it is set forth might indicate that the court incorrectly charged the jury by instructing them that the plaintiff's patent was limited to the precise form of his device, and denied the doctrine of equivalents, an examination of the record shows that it omits in vital particulars to state what the court actually said. What the court did say was that, in determining the question whether or not the device patented was a pioneer device, the jury should take into consideration the prior state of the art, and:

"If you find from the evidence that plaintiff's patented device was a pioneer device, and you should further find from the evidence that the device made and used by the defendant operated on the same principle, and performed the same functions by the same means, or by analogous means or by equivalent combinations, then you are instructed that the device of the defendant would

constitute an infringement on the patented device of the plaintiff. If, on the other hand, you should find from the evidence that the patented device of the plaintiff was not a pioneer device, but that it consisted merely of an improvement or improvements upon prior devices, and that all of the elements contained in the plaintiff's device were old elements, and that the claim of the plaintiff consisted merely of a combination of old elements, in such case the plaintiff would be limited to the precise device and combination shown and claimed in his patent. * * * In this connection, you are entitled to consider the admission of the plaintiff, repeatedly made during the trial, that all of the elements contained in his patent are old; his claim being that the only new feature therein is the combination of the old elements."

There was no error in the instruction as it was given.

It would serve no useful purpose to review all the numerous assignments of error as to instructions given and refused. Many of the requested instructions which were denied express abstract principles of law which, while they are correctly stated, it was not error to refuse, since the court, in careful and proper instructions, submitted to the jury all the questions necessary to be considered.

The judgment is affirmed.