## CLARK STEK–O CORPORATION v. CARPENTER–HIATT SALES CO.

### No. 161.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1932.

Harold E. Stonebraker, of Rochester, N. Y., for appellant.

J. William Ellis, of Buffalo, N. Y. (George F. Scull and Frank J. Kent, both of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The patent is for a cardboard basket liner that is used in accordance with the method and apparatus disclosed by an earlier patent owned by appellee, No. 1,573,341, issued February 16, 1926, on an application filed September 27, 1924. It was issued July 20, 1926, on an application filed January 23, 1926. There is one claim only, which reads: "As a new article of manufacture, a basket liner for use in packing fruit consisting of a weak endless wall, said wall initially possessing sufficient inherent strength to hold a column of fruit without any independent support before being applied within a basket, but of sufficient weakness to render it susceptible of yielding outward at any point under the pressure of the contents to permit it to compensate for irregularities in the inner wall of the basket."

Infringement of the earlier patent is not claimed in this suit. The apparatus includes a facing base, a liner, and a reinforcing shell.

It is used in packing fruit, principally apples in bushel baskets. In packing the fruit, the reinforcing shell, with a cardboard liner inside, is placed upon the facing base constituting a temporary container in which the fruit is packed. When the pack is completed, the reinforcing shell is taken away and the paper liner temporarily supports the column of fruit while the basket or container is being placed thereover. Then the facing base, liner, and basket are inverted and the facing base is then removed and a cover placed over the container. All of this method is disclosed in the earlier Hiatt patent, and the liner there is set forth as made of pasteboard or of any desirable material to provide a relatively weak-walled jacket or liner. The liner of the patent in suit was intended to be used in the method and apparatus as above stated. The claim distinguishes it from the liner of the earlier patent in the following language: "Of sufficient weakness to render it susceptible of yielding outward at any time under the pressure of the contents to permit it to compensate for irregularities in the inner wall of the basket."

The patentee reduced the thickness from 34 point to 14 point to obtain, as he says, "sufficient weakness to render it susceptible of yielding outward at any point under the pressure of the contents." In plain language, this is merely making the liner thinner. The wall of the liner was continuous, as it necessarily had to be in order to temporarily maintain the pack of the fruit.

As appears from the dates the application of the earlier patent and the patent in suit were copending in the Patent Office. The first patent may not be regarded as prior art to the patent in suit, Victor Talking Machine Co. v. American Graph. Co. (C. C. A.) 145 F. 350; Traitel Marble Co. v. Hungerford (C. C. A.) 22 F.(2d) 259 at page 261; and we do not so hold. We refer to the earlier patent, however, for the purpose of indicating the use made of the liner of the patent in suit for which infringement is claimed.

But there is no inventive thought in view of the patent to Stout, No. 500,303, granted June 27, 1893. Stout's patent was used principally for packing candy. He employed a packing board suitably arranged to fill in a top layer in a tub or other container; upon this packing board he placed an open-ended liner or shell of pasteboard fitting the interior of the receptacle to be packed, which he supported during the packing process with a

ring passed down over the liner to hold it centrally in place. The ring performed a function which the liner of the patent in suit is claimed to perform. The liner is held in place during the completion of the up-ended pack, and when the container is placed over it, the liner serves the use which is claimed for the alleged invention in suit. The limitation placed upon the patent in suit of a liner of sufficient weakness to yield outward under pressure of the fruit pack, does not add anything patentable to what Stout suggested. Stout's patent had a liner with the characteristic of yielding, where it became necessary, to accommodate the irregularity of the size of the container, and would serve as well in packing apples in baskets or containers as in packing candy in a tub.

There is no inventive thought in merely changing the size or degree of the liner. American Road-Machine Co. v. Pennock & Sharp Co., 164 U. S. 26, 17 S. Ct. 1, 41 L. Ed. 337; French v. Carter, 137 U. S. 239, 11 S. Ct. 90, 34 L. Ed. 664; Glue Co. v. Upton, 97 U. S. 6, 24 L. Ed. 985; E. Fredericks v. Eugene, 3 F.(2d) 543 (C. C. A. 2); Thomas Lasting Wave Co. v. E. Fredericks, 277 F. 186 (C. C. A. 2).

In view of this state of the art, what the patentee accomplished here did not constitute inventive thought, and the bill must be dismissed.

Decree reversed.