DYKEMA v. LIGGETT DRUG CO., Inc.

No. 185.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa., (Stephen H. Philbin, of New York City, and George E. Stebbins and Edward Hoopes, III, both of Pittsburgh, Pa., of counsel), for Tunis J. Dykema.

Watson, Bristol, Johnson & Leavenworth (James F. Hoge, Lawrence Bristol, and David A. Woodcock, all of New York City, of counsel), for Liggett Drug Co., Inc.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The patent in suit was originally issued to the plaintiff on February 2, 1932, on his application filed February 7, 1931, for a bottle closure and liquid dropper. On January 29, 1935, after the devices alleged to infringe were all on the market, he applied for a reissue. The patent was reissued on that application as reissue No. 19,520 on April 9, 1935, with nine claims of which all but the first are in suit.

The bottle closure and liquid dropper thus patented is one having mostly admittedly old features. It has a compressible rubber bulb placed over the open end of a glass tube having an opposite pointed end with a smaller opening through which liquid is drawn into the tube by compressing

the rubber bulb and then permitting it to resume its former shape. The plaintiff's bulb is either fitted with an internal flange or an internal groove near the opening in it designed to engage a groove in or a flange on the side of the glass over which it is fitted, or both bulb and glass may be left without either a groove or flange. These features were all old. What is said to be both new and a patentable combination and is the gist of all the claims in suit is the construction which makes the dropper unitary with a bottle cap so that dropper and cap act together to seal the container and stay together when the dropper is removed from the bottle. That is accomplished by the simple expedient of having the rubber bulb fit so closely into a hole in the cap that friction will hold the two together and yet not too tightly to prevent ease of assembly or of disassembly.

We doubt very much whether so obvious a way to make the dropper and cap unitary could be fairly said to rise to the level of invention, but, however that may be, there are at least two patents in the prior art which make it plain that Dykema's combination did not have the novelty it might otherwise have possessed.

On November 17, 1891, patent No. 463,215 was issued to Rodiger for a fountain pen filler and, as he said in his specification, "it will be understood that it can be used for other purposes—for instance, as a medicine bottle and dropper." His disclosure covered a bottle stopper having a central hole for the glass dropper tube combined with a screw cap for the ink or medicine container and a collapsible rubber bulb fitted over the larger end of the glass part of the dropper or filler. But the inclusion of what is called the stopper through which the glass tube was inserted was optional in his arrangement of parts, being useful mostly to hold the tube of the filler centrally within the bottle and prevent lateral movement of that tube. Adequate closure for the container was provided by a disklike flange outwardly extending around the open end of the bulb and large enough to rest on the upper end of the bottle neck when the filler was placed in the bottle. When the cap was screwed down, this flange was caught around its outer edge between the top of the bottle neck and the cap to seal the container. Rodiger said in his specification: " * * * I contemplate using or not using the stopper, as found most convenient, it being obvious that the filler will be held securely in place

without the use of said stopper." It is true that in Rodiger the cap extended upwardly in a bulblike form to enclose the filler bulb in all but one disclosed form. Yet the form not having this feature, shown in Fig. 7, has all that Dykema disclosed except the necessary closeness of fit between the outwardly extending flange of the rubber bulb and the threaded portion of the cap. This slight change would make Rodiger's construction a unitary one, and is the way that was done in one of the defendant's accused devices known in this record as form one. Yet, because this little change had to be made in Rodiger to get as far in this "unitary" respect as Dykema went, we do not treat the Rodiger patent as a complete anticipation but only as an illustration of how little there can possibly be which is new in the patent in suit. And the following patent takes away even that bit of novelty.

Jacob Steiner was granted patent No. 1,362,053 for hydrometer apparatus December 14, 1920, which was an improved form of his prior patent No. 1,304,115 granted May 20, 1919. As No. 1,362,053 alone is sufficient to anticipate the patent in suit, we shall confine our discussion to that. It had a collapsible rubber bulb into the open end of which was inserted the larger end of the glass tube that extended into the container. It had a metal cap for the bottle or jar which was made unitary with the bulb and glass tube by having bulb and cap fit closely together. This unitary construction so accomplished was emphasized in the specification, and the only difference between it and Dykema's is in the degree of the closeness of fit. Steiner said, "The bulb and cap are assembled in the position shown by compressing and folding the bulb and inserting the end through the central opening of the cap, after which the bulb is pulled through the cap and the rib 7 is made to seat over the edge of the cap." Dykema, apparently not caring to have his unitary construction quite so firmly fixed, used a bulb in shape and size suitable for insertion through the hole in the cap without having to compress or fold the bulb. But Steiner and Dykema, with only this difference in the degree of tightness of fit, put their parts together in the same way to form the same unitary construction to serve the same purpose. The Steiner patent was not considered in the Patent Office either when Dykema's original patent was granted or when it was reissued. Had it been, we do not be-

lieve Dykema would have succeeded there, for merely changing Steiner's closeness of fit was but an obvious exercise of choice in manner of construction. This was but a variable involving in application nothing more than any skilled workman would do as a matter of course to have the friction held parts cling together less firmly. So the well-established principle that a change in degree only will not support a patent applies in full force. E. Fredericks, Inc. v. Eugene, 2 Cir., 3 F.2d 543; Benjamin Elec. Mfg. Co. v. Northwestern Elec. Equip. Co., 2 Cir., 251 F. 288; French v. Carter, 137 U.S. 239, 11 S.Ct. 90, 34 L.Ed. 664; American Road Machine Co. v. Pennock & Sharp Co., 164 U.S. 26, 17 S.Ct. 1, 41 L.Ed. 337. As the patent is invalid for this reason, other issues raised on the appeal are immaterial.

Decree reversed and bill dismissed.